IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : CASE NO.: 1:14-CV-158 (WLS) |
| MONROE PHARIS and | : |
| FIRST NATIONAL BANK OF | : |
| DECATUR COUNTY, | : |
| | : |
| Defendants. | : |

## ORDER

Presently before the Court is Defendant First National Bank of Decatur County's Motion to Dismiss for lack of subject matter jurisdiction (Doc. 9), Defendant Monroe Pharis's first Motion to Dismiss (Doc. 17), Defendant Pharis's Motion to Dismiss for failure to state a claim (Doc. 24), and Defendant First National Bank of Decatur County's Motion to Dismiss for failure to state a claim (Doc. 25). The Court will consider all of the pending motions at this time.

## FACTUAL & PROCEDURAL BACKGROUND

On April 9, 2007, Rhonda Hall owned real property located at 1407 Woodland Drive ("property"), Bainbridge, Georgia and secured a loan from JP Morgan Chase Bank, N.A ("Chase") in the original principal amount of $61,610 in exchange for a secured interest in the property. (Doc. 1 at ¶ 7.) On May 23, 2008, Ronnie Hall acting as attorney for Rhonda Hall secured a loan from First National Bank of Decatur County. (*Id.* at ¶ 12.) In exchange for First National Bank of Decatur County's loan, they were to be "secured by [a] second lien security deed" on the property. (*Id.* at ¶¶ 12-14.) On May 21, 2008, First National Bank of Decatur County filed their security deed. On June 9, 2008, Rhonda Hall obtained a security deed from GMAC Loan for $100,000 in exchanged for a security deed on the property. (*Id.* at ¶ 19.) The GMAC Loan was intended to satisfy the Chase loan and it was

1

the understanding and expectation of GMAC that they would obtain a first priority security interest. (*Id.* at ¶ 20.) Because First National Bank of Decatur County filed their security interest only fourteen days prior to GMAC obtaining their security interest, Plaintiff claims that a previous title search did not reveal First National Bank of Decatur County's security interest and GMAC was not put on notice of First National Bank of Decatur County's interest in the property from Rhonda Hall. (*Id.* at ¶ 23.) Plaintiff acknowledges that since First National Bank of Decatur County recorded their security deed prior to GMAC's security deed the "real estate records of Decatur County, Georgia do not accurately reflect the intended first priority position of the GMAC Security Deed." (*Id.* at ¶ 28.)

On December 8, 2010, First National Bank of Decatur County foreclosed on the property owned by Rhonda Hall. (*Id.* at ¶ 30.) The property was purchased by Monroe Pharis, the father of Rhonda Hall, for $57,462.78. (*Id.* at ¶¶ 32, 36.) Plaintiff claims Pharis purchased the property for his daughter, Rhonda Hall. During the foreclosure sale, both Pharis and First National Bank of Decatur County had "constructive notice of all encumbrances of record against the [p]roperty, including the GMAC Security Deed." (*Id.* at ¶ 39.)[1] On July 20, 2011, Plaintiff became the holder of the GMAC loan and security deed by assignment. (*Id.* at ¶ 45; Doc. 1-11.) Plaintiff claims that it is their belief that Rhonda Hall filed for bankruptcy, thus discharging her indebtedness with the property thereafter. (Doc. 1 at ¶ 46.)

On October 20, 2014, Plaintiff Ocwen Loan Servicing, LLC initiated the above-captioned action by filing a complaint against Defendants Monroe Pharis and First National Bank of Decatur County. (Doc. 1.) Plaintiff contends that they are entitled to a declaratory judgment against Defendants, that pursuant to the doctrine of equitable subrogation Plaintiff took a priority interest in the property at issue, and that Defendants were unjustly enriched. (*Id.*) On November 18, 2014, Defendant First National Bank of Decatur County filed a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. (Doc. 9.) On

---

[1] The Court notes for the record, as noted by Plaintiff, that GMAC initiated state court proceedings addressing similar issues in this case but those issues were not resolved. According to Plaintiff, and as supported by the record, the Georgia Court of Appeals found that fact issues remain as to whether GMAC could rely on equitable subrogation and unjust enrichment as available remedies. *GMAC Mortgage, LLC. v. Pharis.* 781 S.E.2d 480 (Ga. Ct. App. 2014). After the Georgia Court of Appeals decision, GMAC dismissed all claims brought in state court with prejudice. (Doc. 1 at 16, fn 1.)

November 19, 2014, Defendant First National Bank of Decatur County answered Plaintiff's Complaint. (Doc. 10.) On December 2, 2014, Defendant Monroe Pharis answered Plaintiff's Complaint and filed a crossclaim against First National Bank of Decatur County. (Doc. 13.) On December 22, 2014, Defendant Monroe Pharis filed his first Motion to Dismiss Plaintiff's Complaint. (Doc. 22.) On February 12, 2015, Defendant Monroe Pharis filed a Motion to Dismiss for failure to state a claim against Plaintiff. (Doc. 24.) On February 16, 2015, Defendant First National Bank of Decatur County filed a Motion to Dismiss for failure to state a claim as well. (Doc. 25.)

## DISCUSSION

Defendants have both brought several motions to dismiss. The Court will address the first motion to dismiss (Docs. 9, 17) filed by each Defendant separately and then consider both of Defendants' motions to dismiss for failure to state a claim together. (Docs. 24, 26.)

### I. First National Bank of Decatur County's First Motion to Dismiss (Doc. 9)

Defendant First National Bank of Decatur County ("First National Bank") contends Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)1. Specifically, First National Bank argues the amount in controversy in this case does not exceed $75,000 and as a result, this Court does not have subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. A plaintiff must affirmatively allege in his complaint the existence of jurisdiction and facts demonstrating its existence. *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) (citing *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255 (11th Cir. 2000)); *see also* Fed. R. Civ. P 8(a)(1) ("A pleading that states a claim for relief must include . . . a short and plain statement of the grounds for the court's jurisdiction . . . ."). A plaintiff may do so by alleging one of two types of jurisdiction: (1) federal question jurisdiction, or (2) diversity of citizenship jurisdiction. 28 U.S.C. §§ 1331-32. Plaintiff's complaint asserts that this Court has jurisdiction through diversity of citizenship.

Once a complaint is filed, "[a] defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley v.*

*Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cty*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.3d 1525, 1529 (11th Cir. 1990)); *see also Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)) ("[T]he court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true."). "Factual attacks," on the other hand, serve to "challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *McElmurray*, 501 F.3d at 1251. Therefore, as the Eleventh Circuit has acknowledged in distinguishing between the two types of attacks, a district court's treatment of a motion to dismiss as a facial attack, rather than factual one, "consider[s] only the complaint and the attached exhibits." *Id.* Defendant levies a facial challenge against Plaintiff's Complaint and as a result, the Court will conduct its analysis accordingly. Specifically, Defendant argues that diversity of citizenship does not exist.

To establish diversity of citizenship all plaintiffs must be citizens of a different state than the defendants and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332; *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). For the purposes of diversity, a corporation is a citizen of any State in which it has been incorporated and where its principal place of business is located. *Id.* A person is a citizen of the place where his permanent home is and where he intends to return when absent. *McCormick v. Aderholt*, 239 F.3d 1254, 1257-1258 (11th Cir. 2002.) The burden of establishing federal subject matter jurisdiction rests with the party bringing the claim. *Id.*

First National Bank's motion to dismiss asserts that the alleged value of the property at issue is not relevant to the Court's consideration of Plaintiff's Complaint. (Doc. 9-1 at 6-7.) Under either a declaratory judgment, equitable subordination, or unjust enrichment theory Plaintiff is unable to surpass the $75,000 threshold First National Bank argues. The Court does not agree with First National Bank's contention.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Commc'n.*, 432 U.S. 333, 347 (1977); *Occidental Chem. Corp. v. Bullard*, 995 F.2d 1046, 1047 (11th Cir. 1993). Plaintiff's complaint moves the Court to enter a declaratory judgment in their favor because the property remains subject to the security deed assigned to Plaintiff in the amount of $100,000 and moves the Court to find that Plaintiff has a superior interest in the property held by Pharis that has an appraised value of $134,500. (*See* Doc 1 at ¶¶ 17, 33.) In the view of the Court, the allegations made in Plaintiff's complaint support a finding that the relief sought by Plaintiff and objects in dispute in this case well surpass the $75,000 threshold required. As a consequence, First National Bank's Motion to Dismiss for lack of subject matter jurisdiction is denied.

First National Bank also briefly argues this Court does not have subject matter over this case based on the *Rooker-Feldman* doctrine. Specifically, First National Bank argues that Plaintiff is attempting to "inextricably intertwine" this federal case with litigation currently before the Superior Court of Decatur County. (Doc. 9-1 at 8.) The *Rooker-Feldman* doctrine applies both to federal claims which are brought in state court and those "inextricably intertwined" with a state court's judgment. *Franklin v. Arbor Station, LLC.,* 549 Fed. App'x 831, 833 (11th Cir. 2013)(citing *Casale v. Tillman,* 558 F.3d 1258, 1260 (11th Cir. 2009)). Claims brought in state court are "inextricably intertwined" with a state court's judgment if a district court's granting of that claim would essentially nullify the state court's judgment or succeed "to the extent the state court wrongly decided the issue." *Id.*

Based on the record before the Court, consideration of this case would not nullify or affect any state court judgment. As acknowledged by Plaintiff in their complaint, the Georgia Court of Appeals noted that "[e]ven if [GMAC] erred in overlooking the [security] deed in a title examination, such error would not be egregious enough to defeat a claim for equitable subrogation." *GMAC Mortg., LLC. v. Pharis*, 761 S.E.2d 480, 485 (Ga. Ct. App. 2014). After the Georgia Court of Appeals decision reversing the Decatur County, Georgia Superior Court decision, all of Plaintiff's claims in the above-captioned case remained unresolved. *Id.* GMAC thereafter dismissed all of their claims brought in state court without prejudice. (Doc. 1 at 16, fn. 1.) This Court would not in any way be reconsidering a determination or

judgment made previously by a state court on the issues in dispute because no final determination or judgment in state court exits. As a consequence, for the reasons aforementioned, First National Bank's Motion to Dismiss for lack of subject matter jurisdiction is **DENIED**. (Doc. 9.)

### II. Monroe Pharis' First Motion to Dismiss (Doc. 19)

Defendant Monroe Pharis argues that Plaintiff's complaint should be dismissed based on the "concurrent jurisdiction" doctrine. As a result, relying heavily on *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), Defendant moves the Court to abstain from adjudicating this case. As a preliminary matter, this Court has an obligation to exercise its jurisdiction when appropriate. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Courts should only decline to adjudicate cases properly before it under the doctrine of abstention in extraordinary situations. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1329, 1331 (11th Cir. 2004). Abstention under *Colorado River* "is permissible in fewer circumstances than are the other abstention doctrines…." *Id.* For a court to conduct an analysis under *Colorado River* that court must ensure that the "federal and state proceedings involve substantially the same parties and substantially the same issues." *Id.*

The requisite circumstances when considering whether abstention is appropriate under *Colorado River* do not exist in the present case. As aforementioned and correctly argued by Plaintiff in their response, there is no existing state proceeding involving the same parties or issue. As a consequence, Monroe Pharis's Motion to Dismiss is also **DENIED**. (Doc. 19.)

### III. Defendants' Rule 12(b)6 Motions to Dismiss (Docs. 24, 25)[2]

Defendants Monroe Pharis and First National Bank of Decatur County have both filed Rule 12(b)6 Motions to Dismiss on similar grounds. (Docs 24, 25.) Plaintiff responded in opposition to both Defendants' motions. (Doc. 29.) Given similar arguments made by both Defendants, the Court will consider both Motions in tandem.

---

[2] The Court notes that Plaintiff's suggestion in their response in opposition to Defendants' Motion to Dismiss is incorrect in its characterization of Rule 12(g)2 to the extent Plaintiff argues Defendants are unable to raise their 12(b)6 Motion. The Court will proceed with its consideration of both Defendants' Motion.

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). In evaluating the sufficiency of a plaintiff's pleadings the Court must "make reasonable inferences in [p]laintiff's favor, 'but [is] not required to draw Plaintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012). The Supreme Court instructs that while on a Motion to Dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint). In addition to considering the four corners of a complaint, a district court may also consider an extrinsic document only if it is central to a plaintiff's claim and its authenticity has not been challenged. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC.*, 600 F.3d 1334, 1337 (11th Cir. 2010).

Both Defendants' argument hinges on the notion Plaintiff acquired no rights to the property superior to either Monroe Pharis or First National Bank of Decatur County by virtue of being assigned GMAC's interest by equitable subordination. Defendants primarily

7

rely on a Georgia Supreme Court case, *Chase Manhattan Corporation v. Shelton*, 722 S.E.2d 744 (Ga. 2012) to argue rights acquired through equitable subrogation by GMAC cannot be enforced by Plaintiff. The Court finds that Defendants mischaracterize the Georgia Supreme Court's reasoning in *Chase Manhattan Corporation* and rely on language taken out of context.

In *Chase Manhattan Corporation* Marcus Shelton, a husband and father to two children sought an opportunity to refinance his loan on property he previously quitclaimed to his wife and two children with Choice Capital. *Chase Manhattan Corp.*, 722 S.E.2d at 745. Before agreeing to refinance his property and pay off his existing loan, Choice Capital required the husband to remove his children from the chain of title. *Id.* Although the family's attorney filed petitions in accordance with Choice Capital's request, making Shelton's wife guardian of her children's interest in the property, the petition was never processed. *Id.* Nevertheless, Shelton's wife quitclaimed all her interest and what she believed to be all her children's interest back to Shelton. *Id.* Thereafter, Shelton signed an affidavit stating that he fully owned the property and thereafter Choice Capital agreed to execute a new security deed that paid for his prior security deed. *Id.* Choice Capital assigned its security deed to Mortgage Electronic Registration, Inc. ("MERS"), which was then transferred to HFC. *Id.* Three months later, Shelton went bankrupt and HFC foreclosed on the property. The property was sold to homebuyers through a foreclosure sale. *Id.*. The homebuyers financed their purchase in exchange for a security deed in the property to Chase Manhattan Mortgage Corporation ("Chase"). *Id.* Thereafter, attorneys for Shelton's two children learned they still had an interest in the property and moved to quiet title as it related to the children's interest. *Id.* at 746. The question before the Georgia Supreme Court that was decided, contrary to Defendants' argument, was whether or not Chase had full interest in the property through equitable subrogation although Choice Capital failed to confirm Shelton's actual and full ownership of the property being transferred? The answer to the narrow question addressed by the Georgia Supreme Court was "no". *Id.* at 748. The Court found that Choice Capital's failure to confirm that Shelton's wife had the power to convey the property in its entirety was "inexcusable neglect" affecting equitable subrogation. *Id.* ("Indeed, even if Appellants [Chase] could step into the shoes of Choice Capital, their claim for equitable subrogation would still fail due to Choice Capital's inexcusable neglect in failing to confirm that the

8

children's mother had the legal authority to convey their interest in the property back to Shelton.") *Chase Manhattan Corporation* does not alter the longstanding principal that if a lender is entitled to benefit from equitable subrogation so are their assignees under Georgia law. *See, e.g.*, *Indian Trial, LLC v. State Bank & Tr. Co.*, 759 S.E.2d 654, 659 (Ga. Ct. App. 2014). Georgia courts have established, consistent with the holding in *Chase Manhattan Corporation*, the clear proposition that absent a showing of inexcusable neglect by the party entering into the senior lien status through equitable subrogation, an assignee can exert their ownership rights. *Id.*

At this juncture, relying largely on the four corners of the complaint, the Court cannot find that there was inexcusable neglect on that part of GMAC that would in some way undermine Plaintiff's interest. Furthermore, both Defendants' Motions rely on the argument that Plaintiff as an assignee cannot, as a matter of law, have rights to the property obtained by GMAC initially through equitable subrogation. As aforementioned, absent a showing of inexcusable neglect like that in *Chase Manhattan Corporation*, Defendants' proposition of law is incorrect. For the reasons aforementioned, Defendants assertion is incorrect and as a result, the Court hereby **DENIES** both Defendants' Motions. (Docs 24, 25.)

## CONCLUSION

For the foregoing reasons, Defendant First National Bank of Decatur County's Motion to Dismiss for lack of subject matter jurisdiction (Doc. 9), Defendant Monroe Pharis' first Motion to Dismiss (Doc. 17), Defendant Monroe Pharis' Motion to Dismiss for failure to state a claim (Doc. 24), and Defendant First National Bank of Decatur County's Motion to Dismiss for failure to state a claim (Doc. 25) are **DENIED**.

**SO ORDERED**, this   29th   day of September, 2015.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**