IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : CASE NO.: 1:14-CV-158 (WLS) <br> MONROE PHARIS and : <br> FIRST NATIONAL BANK OF : <br> DECATUR COUNTY, : <br> : <br> Defendants. : <br> : | |

**ORDER**

Before the Court is a filing styled "Notice of Appeal." (Doc. 102.) Defendant Monroe Pharis seeks to appeal the Court's July 8, 2016 Order (Doc. 97), which granted Plaintiff Ocwen Loan Servicing's Motion for Reinstatement of Motion for Sanctions (Doc. 91) as well as Ocwen's Motion for Sanctions (Doc 41).

**I. PROCEDURAL BACKGROUND**

On July 8, 2016, the Court ordered Pharis to pay attorney's fees related to Ocwen's Motion for Sanctions. (Doc. 97.) On July 29, 2015, the Court granted Ocwen's Rule 37(a) Motion to Compel and ordered Pharis to respond to Ocwen's requests for admission, requests for production, and interrogatories. (Doc. 37.) The Court acknowledged in its Order that Ocwen could file a request for attorney's fees under Fed. R. Civ. P. 37(a)(5). (*Id.* at 4.) Ocwen, however, chose to move for attorney's fees under Fed. R. Civ. P. 37(b)(2)(C) after Pharis failed to comply with the Court's order that he respond to Ocwen's discovery requests. (Docs. 41, 54.) On July 8, 2016, the Court awarded Ocwen $3,690 in attorney's fees and expenses under Federal Rule of Civil Procedure 37(b)(2)(C). (Doc. 97.) On July 29, 2016, Pharis filed a notice of appeal of the Court's July 8, 2016 Order awarding Ocwen attorney's fees. (Doc. 102.) On August 3, 2016, Pharis filed a Motion to Stay the Court's July 8, 2016 Order Pending Appeal. (Doc. 107.) Ocwen responded the next day. (Doc. 108.)

Pharis filed no reply, and the Court finds that his Motion (Doc. 107) and the related notice of appeal are now ripe for review.

## II. DISCUSSION

Judgment has not yet been entered in this case, and the Court's order allowing reinstatement of a motion for discovery-related sanctions and awarding those sanctions was an interlocutory one. *See Cunningham v. Hamiton Cnty, Ohio*, 527 U.S. 198, 210 (1999) (holding that a sanctions order imposed on an attorney under Rule 37(a) is not a final decision under 28 U.S.C. § 1291). Under 28 U.S.C. § 1292, a district court may certify an order for an interlocutory appeal if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C § 1292(b). The class of collateral decisions or orders that might be appropriate for interlocutory appeal includes orders that "are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Swint v. Chambers Cnty Comm'n*, 514 U.S. 35, 42 (1995).

When a party fails to comply with a court's discovery order, Rule 37(b)(2)(C) directs in pertinent part, "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Here, Pharis failed to comply with the Court's Order to provide the discovery responses that were the subject of that motion to compel, prompting Ocwen's Motion for Sanctions (Doc. 41). Thus, Pharis' failure to comply with a Court Order justified sanctions awarded under Fed. R. Civ. P. 35(b)(2)(C).

The Court finds that allowing an immediate appeal of its Order awarding $3,690 in Rule 37 attorney's fees and expenses will not advance the ultimate termination of this litigation because the related discovery dispute and the question of whether Rule 37 required attorney's fees are collateral to the merits of this case. Surely interlocutory appeals of such contemplated and *required* orders under Rule 37(b)(2)(C), such as the one at issue here, seldom, if

ever, meet the requirements for certification of an interlocutory appeal. *See Cunningham*, 527 U.S. at 208 ("To permit an immediate appeal from such a sanctions order would undermine the very purposes of Rule 37(a), which was designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process."). Furthermore, the Court finds that Pharis will have the opportunity to appeal the Court's July 8, 2016 Order once judgment has been entered.

For those reasons, the Court declines to certify its July 8, 2016 Order (Doc. 97) for interlocutory appeal. To the extent the Notice of Appeal (Doc. 102) should be construed as a motion to certify an interlocutory appeal, the motion is **DENIED**. Pharis has also moved to stay enforcement of the Court's July 8, 2016 Order pending appeal. (Doc. 107.) Plaintiff Ocwen filed a response opposing the stay and requesting that the Court order compliance with its July 8, 2016 Order as well as attorney's fees incurred in responding to Pharis' Motion to Stay. (Doc. 108.) Because the Court declines to certify its July 8, 2016 Order, the Court also **DENIES WITHOUT PREJUDICE** Pharis' Motion to Stay the Court's July 8, 2016 Order pending appeal (Doc. 107). The Court further **ORDERS** Pharis to comply with its July 8, 2016 Order **no later than Monday, August 29, 2016**. Failure to comply could result in further sanctions.

Finally, Ocwen asks the Court to award attorney's fees incurred in the preparation of its response to Pharis' Motion to Stay. Ocwen cites Fed. R. Civ. P. 16(f) as authorizing such an award. Fed. R. Civ. P. 16(f) authorizes awards for attorney's fees incurred as a result of a party's failure to comply with the Court's scheduling or pretrial orders. The argument that Rule 16 allows an attorney's fees award resulting from an attempted appeal and stay of an order awarding Rule 37 sanctions is strained. Further, Ocwen cites 28 U.S.C. § 1928 as justifying an attorney's fee award here; however, this statute governs patent infringement actions and is clearly inapplicable to this case. The Court therefore **DENIES** Ocwen's request for attorney's fees incurred in responding to Pharis' Motion to Stay.

**SO ORDERED**, this 15th day of August, 2016.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3